**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JERROLD LEWIS**                                                                                   **PLAINTIFF**

**V.**                              **NO. 4:06-CV-001413 GTE**

**LANDSTAR INWAY, INC.,
DEAN C. FURCOLOWE, and
JOHN DOES I-IV**                                                      **DEFENDANTS**

## ORDER REMANDING CASE

The Court *sua sponte* concludes that this case was improperly removed from the state court in which it was originally filed and directs that the case be remanded back to state court.

The Court is obligated at all stages of the proceeding to consider whether pleadings filed justify the exercise of the Court's subject matter jurisdiction and may raise the issue *sua sponte*. "If the court determines at any time or at any stage of the proceedings, that federal jurisdiction is lacking, the court is obligated to remand to state court actions improperly removed to federal court or to dismiss actions improperly filed in federal court originally." *Norwood v. Simmons*, 788 F.Supp. 1020, 1023 (W.D. Ark. 1991).

Plaintiff's Complaint asserts only state court causes of action arising out of a motor vehicle accident that occurred in St .Francis County, Arkansas. On October 4, 2006, Defendant Landstar Inway, Inc. ("Landstar") file a Notice of Removal contending that this Court has diversity subject matter jurisdiction over the Plaintiff's Complaint. In fact, complete diversity is lacking on the face of the Complaint and as acknowledged in the Notice of Removal. The Plaintiff Jerrold Lewis is a citizen of Memphis, Tennessee. (Complaint at ¶ 3). The Defendant

Dean Furclolowe is also alleged to be a resident of Tennessee.  (Complaint at ¶ 5; Notice of Removal at ¶ 10).

The rule of "complete diversity" requires complete diversity of citizenship between all named plaintiffs and all named defendants.  This has been the rule since *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) when the Supreme Court interpreted the statutory requirement of a civil suit "between . . . citizens of different States" to require complete diversity between all plaintiffs and all defendants.  28 U.S.C. § 1332;  *see also  Lincoln Property Co. v. Roche*, 126 S.Ct. 606, 612-13 (U.S. 2005).

Because complete diversity is lacking in this action,

IT IS THEREFORE ORDERED, *sua sponte*, that this action be, and it is hereby, remanded back to the state court from which it was improperly removed.  The Clerk of the Court is directed to take the appropriate action to facilitate the transfer forthwith.

IT IS SO ORDERED this  13th  day of October, 2006.

     /s/ G. Thomas Eisele_____
     UNITED STATES DISTRICT COURT